Petition for Habeas Corpus was filed in this matter on May 4, 1999 asserting the continued unlawful imprisonment of Petitioner. For cause, Petitioner states that he appeared before Judge Andrew Polovischak on October 22, 1997 and pled guilty to one count of driving under suspension, and one count of possession of drug paraphernalia. A separate count of driving without insurance was dismissed. On the driving under suspension charge, Petitioner was sentenced to 180 days in jail, with all days suspended and placed on 3 years probation. On the possession charge, Petitioner was sentenced to 30 days in jail, all suspended and placed on 3 years probation. Those respective sentences were imposed in underlying Municipal Court Case No. 97-TR-4592 D. Petitioner then served a 58 day jail sentence pursuant to an order from Judge Polovischak and was released on December 18, 1997. Subsequently, Petitioner stipulated to a probation violation and on December 4, 1998, Judge Polovischak reimposed the 180 day jail sentence on Petitioner. Petitioner asserts that the Municipal Court could only reimpose 122 days of the sentence as Petitioner had already served 58 days of the sentence. It is further averred that Petitioner has completed his full term of imprisonment under his original sentence and is entitled to immediate release.
Attached to the Petition are photocopies of the file jacket for Case No. 97-TR-4592 D from Youngstown Municipal Court, reflecting the sentences imposed and a record from the Mahoning County Justice Center reflecting Petitioner's imprisonment from October 22, 1997 to December 18, 1997, a period of 58 days.
Although the Petitioner asserts in his complaint that he served no sentence for any other charge during the time period in question, the Justice Center record clearly indicates that the incarceration was the result of a sentence imposed in Case No. 97-TR-4389 D. That case, as discerned from the records maintained by the Clerk of Youngstown Municipal Court, contains separate driving under suspension and speeding charges. On October 22, 1997, Petitioner pled guilty to the driving under suspension charge and the speeding charge was dismissed. He was sentenced to 180 days in jail with no days suspended. Petitioner was incarcerated for 58 days on the unrelated driving under suspension sentence imposed in Case No. 97-TR-4389 D and not the case alluded to in this Petition.
Under R.C. 2725.05:
 "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."
The Petition and exhibits attached thereto demonstrate that Petitioner is properly detained. Petition dismissed. Costs taxed against Petitioner.
Final order. Clerk to serve counsel as provided by the Civil Rules. Copy to Judge Andrew Polovischak at Youngstown Municipal Court.
 ----------------------------------- JUDGE EDWARD A. COX
 ----------------------------------- JUDGE GENE DONOFRIO
 ----------------------------------- JUDGE JOSEPH J. VUKOVICH